PLAZUELA SUGAR COMPANY, PLAINTIFF AND RESPONDENT, V. GARCÍA, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Arecibo in an Action for the Recovery of a Secured Loan.

No. 1194.—Decided February 3, 1915.

DEMURRER—NON-JOINDER OF DEFENDANTS—PLEADING.—A demurrer on the ground of non-joinder of parties defendant, under subdivision 4 of section 105 of the Code of Civil Procedure, should be pleaded before the trial court either before answering the complaint when the defect appears on the face thereof or in the answer when the defect does not appear on the face of the complaint.

ID.—PLEADING—WAIVER—PRESUMPTION.—If no objection be taken either by demurrer or answer, the defendant must be deemed to have waived the same, excepting only a plea to the jurisdiction of the court or that the complaint does not state facts sufficient to constitute a cause of action.

NON-JOINDER OF DEFENDANTS — JUDGMENT. — The present action was brought against Juan García Siberio only and the evidence shows that he did not contract the obligation sued upon in his own name alone but in the name of his minor children also, therefore the defendant cannot be compelled to comply with the said obligation *in toto,* as ordered by the judgment.

The facts are stated in the opinion.

*Mr. Félix Santoni* for the appellant.

*Mr. Cayetano Coll y Cuchí* for the respondent.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

On February 25, 1914, the Plazuela Sugar Company, a corporation domiciled in this city of San Juan, brought suit against Juan García Siberio in the District Court for the Judicial District of Arecibo for the recovery of $4,200.16, with interest thereon at 12 per cent per annum from July 14, 1913, to the date of execution of judgment, and costs, expenses, disbursements, and attorney's fees.

Besides the allegation as to the legal capacity of the plaintiff the complaint contains the following allegations:

(*a*) That by deed No. 27 executed in San Juan on October 13, 1910, before Notary Domingo Massari, defendant Juan García Siberio acknowledged that he owed the plaintiff corporation $5,000, which amount he had received and which he

agreed to repay on June 31, 1911, with interest at 12 per cent per annum.

(*b*) That defendant Juan García Siberio secured the loan by a first mortgage on two properties, one of 47 and the other of 41.30 *cuerdas* of land, both situated in the ward of Los Cocos, municipal district of Quebradillas.

(*c*) That when the debt became due both parties agreed that the defendant should pay it during the grinding season of 1912–13 by the delivery of lots of sugar cane to be credited by the plaintiff to the defendant until the debt should be extinguished.

(*d*) That defendant García Siberio delivered several lots of sugar cane to the plaintiff corporation on different occasions, the value of which was credited to him in account current, there remaining a balance of $4,200.16 in favor of the plaintiff and against the defendant on July 14, 1913.

(*e*) That the said amount has not been paid either in whole or in part by the defendant although demands have been made therefor.

The said deed of October 13, 1910, was attached to the said complaint and made a part thereof.

The parties who executed the said deed were Juan García Siberio and José Ruiz Soler, the former in his own right, also as the heir of José Luciano García y Roca and also as the father with *patria potestas* over his minor children, Juan, María del Rosario, María Constanza, Emilio, and Carmen Virginia García y Roca, and the latter, or Ruiz Soler, as director and assistant secretary of the Plazuela Sugar Company.

In the said deed the following facts were stated:

1. That Juan García Siberio and his minor children, Juan, María del Rosario, María Constanza, Emilio, and Carmen Virginia García y Roca, hold the two rural properties described in the complaint in common *pro indiviso*.

2. That the said properties were acquired by Juan García Siberio during his wedlock with Juana Roca Díaz and that

by the death of the latter their children became the owners in equal shares of an undivided half of each of the said properties, and as a son named José Luciano died after the death of his mother without descendants, the share belonging to him passed by inheritance to his father, the said Juan García Siberio, who was already the owner of the other undivided half of each of the said properties.

3. That Juan García Siberio, in his said capacities, acknowledges that he received a loan of $5,000 from the Plazuela Sugar Company for the purpose of cultivating the said properties and others which were not embraced in the deed, and therefore admits that he owes the said sum to the Plazuela Sugar Company in his aforesaid capacities, together with interest at 12 per cent per annum payable at the end of each month, beginning October 13, 1910.

4. That in order to secure to the Plazuela Sugar Company the payment of the $5,000 and a further sum of $300 for interest and $200 for costs and disbursements in case of foreclosure, he created a voluntary mortgage on the properties in favor of the Plazuela Sugar Company, including both his own shares and the shares belonging to his minor children, after obtaining the necessary authorization of the court for that purpose.

5. That the property first described shall respond for $2,500 of the principal, $150 of the interest and $100 of the costs and disbursements, and the other for like amounts and purposes in case of foreclosure.

6. That the mortgage shall be a lien on the two properties until June 31, 1911, when the debt shall become due and must be paid by the debtor with interest, to which García binds himself in the capacities stated, it being understood that if the amount is not paid at the expiration of the said period, the plaintiff corporation may foreclose the mortgage in order to recover the amount due.

The defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of

action, and the demurrer having been overruled on May 4, 1914, the defendant answered the complaint denying generally and specifically each and all of the essential allegations set up therein.

The case went to trial in the absence of the defendant and the District Court of Arecibo rendered judgment on July 11, 1914, for the plaintiff, .Plazuela Sugar Company, ordering that it recover from the defendant, Juan García Siberio, the sum of $4,200.16 with interest thereon from July, 1913, at the rate of 6 per cent per annum, and the costs.

From that judgment counsel for the defendant appealed to this court, alleging as legal grounds for its reversal that the minor children of the appellant, Juan, María del Rosario, María Constanza, Emilio and Carmen Virginia García Roca, are necessary parties to the action, and therefore that their father, the only defendant, could not be adjudged to pay the amount claimed, and, further, that the judgment rendered against Juan García Siberio is not supported by the evidence.

As to the first ground of appeal, there is no doubt that the demurrer as to non-joinder of parties defendant, provided for in subdivision 4 of section 105 of the Code of Civil Procedure, should be pleaded before the trial court either before answering the complaint when it appears on the face thereof or by answer when the defect does not appear on the face of the complaint. Section 108.

And if no objection be taken either by demurrer or answer, section 109 of the said code categorically provides that the defendant must be deemed to have waived the same, excepting only the objection to the jurisdiction of the court and the objection that the complaint does not state facts sufficient to constitute a cause of action.

The first ground of the appeal is without merit on account of the failure to plead non-joinder of parties defendant in the lower court at the proper time.

As regards the second contention that. the judgment is not supported by the evidence, let us see what evidence was adduced at the trial.

The only evidence introduced as to the obligation sought to be enforced is the deed of October 13, 1910, from which we have made extracts herein, and the testimony of José Ruiz Soler, one of the parties to the said deed in his capacity of assistant secretary and director of the Plazuela Sugar Company, who testified to the existence of the debt of $5,000, secured by mortgage and contracted, as he said, by Juan García Siberio, who, before its maturity, was granted an extension of time in which to discharge the total amount of the mortgage debt by the delivery of sugar cane during the crop of 1912–13, and who, up to July 14, 1913, had paid $799.84 on account, reducing the indebtedness to $4,200.16.

It will be seen from the evidence not only that the plaintiff did not prove that defendant Juan García Siberio owes the Plazuela Sugar Company the total amount claimed, but, on the contrary, it appears also that he did not contract the debt in his own name alone but in the name of his minor children as well, therefore he cannot be compelled to fulfil the said obligation in the manner ordered by the judgment.

The deed setting forth the debt is drawn up in such terms that it cannot be held that. defendant Juan García Siberio was bound thereby to pay one-half of the whole debt and his minor children the remainder.

In view of the allegations of the complaint, which are in open conflict with the deed which was made a part thereof, and the lack of evidence to enable us to fix the exact amount which the defendant should pay, we are compelled to reverse the judgment appealed from on the second ground pleaded; without prejudice to the exercise by the plaintiff of the rights to which it considers itself entitled for the recovery of the amount claimed in the proper manner in another action.

The judgment appealed from should be reversed and the complaint against Juan García Siberio dismissed, without

special taxation of costs, reserving to the Plazuela Sugar Company such rights as it may have for the recovery of the debt.

*Reversed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.